FILED

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT C̶O̶U̶R̶T̶ 2022 AUG 26 PM 2:41

for the

US DISTRICT COURT
__MIDDLE__ District of __FLORIDA__ MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

__CIVIL__ Division

| | |
|---|---|
| __JAMES ARTHUR RUSSELL__ | ) Case No. __6:22-1505-RBD-EJK__ |
| *Plaintiff(s)* | ) *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
| | ) |
| __PASTOR WILL,__ | ) |
| __WALKABOUT RECOVERY__ | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names. Do not include addresses here.)* | ) |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | JAMES ARTHUR RUSSELL |
| All other names by which you have been known: | |
| ID Number | 4969645 |
| Current Institution | BREVARD COUNTY JAIL |
| Address | 860 CAMP ROAD |
| | COCOA,        FL.    32927 |
| | *City*            *State*        *Zip Code* |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | PASTOR WILL |
| Job or Title *(if known)* | PASTOR WILL, WALKABOUT RECOVERY |
| Shield Number | |
| Employer | WALKABOUT RECOVERY |
| Address | 113 S. BROWN ST. |
| | TITUSVILLE, FL. |
| | *City*            *State*        *Zip Code* |

☑ Individual capacity   ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | C. RAMSEY |
| Job or Title *(if known)* | JAIL OVERSIGHT, PROGRAM COORDINATOR |
| Shield Number | |
| Employer | BREVARD COUNTY JAIL |
| Address | 860 CAMP ROAD |
| | COCOA,        FL.    32927 |
| | *City*            *State*        *Zip Code* |

☑ Individual capacity   ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name     RICHARD COMFORT
    Job or Title *(if known)*    PROBATION OFFICER
    Shield Number
    Employer     TITUSVILLE PROBATION & PAROLE OFFICE
    Address
       TITUSVILLE , FL.
       City      State      Zip Code
    ☑ Individual capacity    ☑ Official capacity

Defendant No. 4
    Name     ANDY WALSH
    Job or Title *(if known)*    RESIDENTIAL SUBSTANCE ABUSE
    Shield Number     TREATMENT PROVIDER
    Employer
    Address     112 S. BROWN ST.
       TITUSVILLE, FL.
       City      State      Zip Code
    ☑ Individual capacity    ☑ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
    INTERFERRING WITH TREATMENT ONCE PRESCRIBED
    BREACH OF CONTRACT
    DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED
    FORCED TO FALSIFY DOCUMENTS UNDER DURESS
    RETALITORY CONDUCT -- 1st 8th AND 14th AMENDMENTS

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

EACH DEFENDANT KNEW THAT PLAINTIFF'S RIGHTS WERE BEING VIOLATED IN SOME WAY, SHAPE OR FORM BUT THEY DID NOTHING TO REMEDY THE MATTER MAKING THEM LIABLE

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

WALK-ABOUT RECOVERY, 113 S. BROWNS ST. TITUSVILLE, FL.

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

BREVARD COUNTY JAIL, 860 CAMP RD, COCOA, FL.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_MARCH 14, 2022  - - APRIL 29, 2022_____

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* PLAINTIFF HAS BEEN DIAGNOSED WITH SEIZURES, HYPERTENSION, NEURAPATHY, LOWER BACK LUMBAGO, EXTREMETIES PAIN IN LIMB, BI-POLAR, ANTI-SOCIAL PERSONALITY DISORDERS, ANXIETY, AND DEPRESSION.

EACH OF PLAINTIFF'S DIAGNOSIS REQUIRE THE TAKING OF MEDICATIONS.

(SEE ADDITIONAL SHEET) _

V.    **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. PLAINTIFF HAD TWO (2) SEIZURES WHILE AT WALKABOUT RECOVERY DUE TO BEING UNMEDICATED. THE DEFENDANT'S INTERFERRED WITH HIS TREATMENT ONCE PRESCRIBED BY REFUSING TO MEDICATE PLAINTIFF. THE DEFENDANT'S WERE DELIBERATE INDIFFERENT TO A SERIOUS MEDICAL NEED. THE DEFENDANT'S BREACHED THEIR CONTRACT THE DEFENDANT'S COMMITTED RETALITORY CONDUCT. PLAINTIFF WAS FORCED TO FALSIFY DOCUMENTS.

VI.    **Relief** DEFENDANT'S VIOLATED PROCEDURAL DUE PROCESS OF LAW

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. GRANT PUNITIVE DAMAGES IN THE AMOUNT OF $100,000 AGAINST EACH DEFENDANT IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY.

GRANT COMPENSATORY DAMAGES IN THE AMOUNT OF $100,000 AGAINST EACH DEFENDANT IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY.

ISSUE A DECLATORY JUDGMENT INDICATING THAT THE DEFENDANT'S VIOLATED PLAINTIFF'S RIGHTS

ISSUE AN INJUNCTIVE ORDER ORDERING THE DEFENDANT'S TO MAKE CERTAIN THEY CONDUCT THEIR INTERVIEWS THOROUGHLY PRIOR TO GETTING THEM INTO A PROGRAM, TO REFRAIN FROM RETALIATION AND ACT IN ACCORDANCE TO THEIR PROFESSION.

(ADDITIONAL SHEET)

PLAINTIFF ALSO HAS NERVE DAMAGE AND OCCASIONALLY USES A CANE TO GET AROUND.

ON EACH EVENT THAT PLAINTIFF WAS INCARCERATED AT THE BREVARD COUNTY JAIL, PLAINTIFF WAS PRESCRIBED MEDICATIONS, ISSUED A CANE AND HOUSED ON A MEDICAL UNIT.

ON 3-14-2022 PLAINTIFF SENT A REQUEST TO DEFENDANT C. RAMSEY, JAIL OVERSIGHT, PROGRAM COORDINATOR SEEKING TO GET INTO A REHAB FOR HIS ALCOHOL ADDICTION.

ON 3-17-2022 DEFENDANT C. RAMSEY, JAIL OVERSIGHT, PROGRAM COORDINATOR RESPONDED STATING: " I CAN SET UP A PHONE INTERVIEW WITH WALKABOUT MINISTRIES. THEY HAVE BEDS AVAILABLE. IF THE STATE ATTY AGREES WITH YOU GOING THERE, YOUR ATTY CAN HAVE THIS CASE RESOLVED AT YOUR NEXT COURT DATE. (#11,203,097)

ON 3-23-2022 AT 10:00 AM PLAINTIFF HAD AN INTERVIEW (VIA TELEPHONE) WITH DEFENDANT PASTOR WILL, WALKABOUT RECOVERY.

DURING THE INTERVIEW, DEFENDANT PASTOR WILL MENTIONED THREE (3) THINGS: ONE YOU'RE REQUIRED TO GET A JOB BECAUSE YOU HAVE TO PAY $185.00 WEEKLY TO LIVE HERE; TWO, YOU HAVE TO BE HERE AT 5:00 PM FOR DINNER; AND THREE, YOU HAVE TO ATTEND MEETINGS AND GET A SPONSOR.

(D-1)

( ADDITIONAL SHEET )

ON 4-04-2022 PLAINTIFF SENT DEFENDANT C. RAMSEY, JAIL OVERSIGHT, PROGRAM COORDINATOR A REQUEST.

ON 4-04-2022 DEFENDANT C. RAMSEY, JAIL OVERSIGHT, PROGRAM COORDINATOR RESPONDED AND STATED: "WE ARE WORKING IN IT RIGHT NOW. WE ARE SPEAKING WITH YOUR ATTY AND TRYING TO GET IT SET UP". ( 11,379,932)

ON 4-12-2022 PLAINTIFF WAS SENTENCED TO TWO (2) YEARS COMMUNITY CONTROL. TO BE FOLLOWED BY TWO (2) YEARS PROBATION AND COURT STIPULATED TO THE WALKABOUT RECOVERY.

ON 4-12-2022 PLAINTIFF CALLED DEFENDANT PASTOR WILL TO INFORM HIM THAT THE COURT HAD STIPULATED HIM TO THE PROGRAM.

ON 4-13-2022 PLAINTIFF CALLED DEFENDANT PASTOR WILL AGAIN TO DETERMINE WHEN THEY WERE GOING TO PICK HIM UP AND TRANSPORT HIM TO THE DEFENDANT WALKABOUT RECOVERY.

ON 4-15-2022 DEFENDANT ANDY WALSH, WALKABOUT RECOVERY RESIDENTIAL SUBSTANCE ABUSE TREATMENT PROVIDER WENT TO THE BREVARD COUNTY JAIL TO PICK UP PLAINTIFF AND TRANSPORT HIM TO THE DEFENDANT WALKABOUT RECOVERY.

(ADDITIONAL SHEET)

ONCE DEFENDANT WALSH, WALKABOUT RECOVERY RESIDENTIAL SUBSTANCE ABUSE TREATMENT PROVIDER ARRIVED AT BREVARD COUNTY JAIL TO RETRIEVE PLAINTIFF, HE WAS PROVIDED WITH ALL DISCHARGE PAPERS INCLUDING A THREE (3) DAY SUPPLY OF PLAINTIFF'S MEDICATION SCRIPT.

WHEN THEY WERE ALREADY ON THE ROAD HEADING TOWARDS THE PROBATION OFFICE, DEFENDANT WALSH, WALKABOUT RECOVERY RESIDENTIAL SUBSTANCE ABUSE TREATMENT PROVIDER ASKED PLAINTIFF WHAT KIND OF MEDICATIONS HE WAS PRESCRIBED, PLAINTIFF TOLD HIM MEDICATIONS FOR HIS SEIZURES, HYPER-TENSION, NEUROPATHY, LOWER BACK PAINS, PLUS MENTAL HEALTH MEDICATIONS.

DEFENDANT WALSH, WALKABOUT RECOVERY RESIDENTIAL SUBSTANCE ABUSE TREATMENT PROVIDER IMMEDIATELY STATED: "YOU CAN NOT TAKE ANY MEDICATIONS THERE, THIS IS A NON-MEDICAL FACILITY, WE HAVE NO MEDICAL STAFF AVAILABLE..."

PLAINTIFF RESPONDED, NO ONE EVER ASKED ME IF HE WAS ON MEDICATIONS OR HAD ANY MEDICAL OR MENTAL HEALTH ISSUES."

DEFENDANT WALSH, WALKABOUT RECOVERY RESIDENTIAL SUBSTANCE ABUSE TREATMENT PROVIDER TOLD PLAINTIFF THEY'LL DISCUSS IT WHEN THEY GET THERE.

(D-3)

( ADDITIONAL SHEET )

UPON ARRIVING AT THE PROBATION OFFICE THE SAME DAY OF HIS RELEASE, PLAINTIFF TELLS HIS PROBATION OFFICER, DEFENDANT COMFORT THAT HE HAS NUMEROUS MEDICAL AND MENTAL HEALTH DIAGNOSIS THAT REQUIRE THE TAKING OF MEDICATIONS, AND THAT, DEFENDANT WALSH, WALKABOUT RECOVERY RESIDENTIAL SUBSTANCE ABUSE TREATMENT PROVIDER TOLD HIM THAT HE COULD NOT TAKE ANY MEDICATIONS.

DEFENDANT COMFORT, PROBATION OFFICER SAID THAT HE'S GOING TO LOOK INTO IT.

ONCE AT DEFENDANT WALKABOUT RECOVERY, DEFENDANT WALSH, WALKABOUT RECOVERY RESIDENTIAL SUBSTANCE ABUSE TREATMENT PROVIDER FLAT OUT TELLS PLAINTIFF, YOU CAN NOT TAKE ANY MEDICATIONS HERE. THIS IS A NON-MEDICAL FACILITY. YOU CAN EITHER DECIDE TO CONTINUE THE MEDICATION AND I'LL REFUSE TO ACCEPT YOU AND YOU'LL BE KICKED OUT OF THE PROGRAM AND THAT'LL BE AN AUTOMATIC VIOLATION OF YOUR COMMUNITY CONTROL. AND YOU'LL GO RIGHT BACK TO PRISON OR DECIDE TO STAY AND NOT TAKE MEDICATIONS, ITS UP TO YOU. . . . "

( D-4 )

(ADDITIONAL SHEET)

RATHER THAN BEING KICKED OUT AND VIOLATING
THE COURTS ORDER, AND GOING BACK TO PRISON THE
PLAINTIFF DECIDES TO STICK AROUND HOPING THAT
THE DEFENDANT COMFORT, PROBATION OFFICER WOULD
RESOLVE THE MATTER AND GET HIM INTO ANOTHER
REHAB.

ABOUT TWO TO THREE DAYS IN THE DEFENDANT
WALKABOUT RECOVERY, DEFENDANT COMFORT, PROBATION
OFFICER VISITS PLAINTIFF AT DEFENDANT WALKABOUT
RECOVERY.

PLAINTIFF QUESTIONS DEFENDANT COMFORT,
PROBATION OFFICER CONCERNING HIS SITUATION, BUT
DEFENDANT COMFORT, PROBATION OFFICER TELLS
PLAINTIFF THAT HE'S JUST GOING TO HAVE TO
STICK IT OUT.

PLAINTIFF'S FORTH DAY AT DEFENDANT
WALKABOUT RECOVERY AND HE HAS A SEIZURE.
NO ONE IS AROUND TO ASSIST OR CALL AN
AMBULANCE.

PLAINTIFF SAW DEFENDANT PASTOR WILL
WHILE AT THE GROVE CHURCH AND TRIED TO
EXPLAIN HIS SITUATION, BUT DEFENDANT PASTOR
WILL BASICALLY BRUSHED HIM OFF BY SAYING,
"WELL YOU CAN'T DO MEDICATIONS HERE, YOU'LL
BE ALRIGHT'..."

(D-5)

(ADDITIONAL SHEET)

PLAINTIFF'S NINTH DAY AT DEFENDANT WALKABOUT RECOVERY AND HE HAS HIS SECOND SEIZURE FROM BEING UNMEDICATED. THIS WAS AROUND APRIL 24th OR 25th.

ON OR ABOUT APRIL 29, 2022 PLAINTIFF GOES TO VISIT DEFENDANT COMFORT, PROBATION OFFICER AT HIS OFFICE. PLAINTIFF IS NOT INVITED TO HIS OFFICE, INSTEAD, DEFENDANT COMFORT, PROBATION OFFICER COMES OUT JUST TO GRAB PLAINTIFF'S WEEKLY SCHEDULE. PLAINTIFF TRIES TO SPEAK WITH HIM BUT HE BRUSHES PLAINTIFF OFF BY SAYING: " YEAH, I KNOW THAT IT'S GETTING ROUGH THERE ". AND WALKS BACK INTO HIS OFFICE.

THAT DAY, APRIL 29, 2022 PLAINTIFF DECIDES TO LEAVE THE PROGRAM BECAUSE HE KNOWS THAT HE HAS MEDICATIONS AT AN ACCOCIATES HOUSE HE WAS RESIDING IN LAKELAND.

ON JUNE 4, 2022 PLAINTIFF HAS HIS ASSOCIATE (EDWARD RIVERA) TURN HIM IN TO THE POLK COUNTY SHERIFF'S OFFICE.

ON JUNE 13, 2022 PLAINTIFF IS TAKEN BACK TO THE BREVARD COUNTY JAIL, THE JAIL THAT SENT HIM TO DEFENDANT WALKABOUT RECOVERY.

(D-6)

( ADDITIONAL SHEET )

PLAINTIFF IMMEDIATELY SENDS DEFENDANT C. RAMSEY, JAIL OVERSIGHT, PROGRAM COORDINATOR A REQUEST ASKING WHY HE WAS SENT TO A "NON-MEDICAL" FACILITY.

ON 6-14-2022 DEFENDANT C. RAMSEY, JAIL OVERSIGHT, PROGRAM COORDINATOR RESPONDS AND SAYS THAT SHE'LL GET WITH PLAINTIFF'S ATTORNEY AND PROBATION OFFICER TO SEE WHAT IS GOING ON. ( 12,008,388 )

IMMEDIATELY ONCE PLAINTIFF WAS TRANSPORTED TO BREVARD COUNTY JAIL HE SUBMITTED A GRIEVANCE TRYING TO FIGURE OUT WHO WAS RESPONSIBLE FOR SENDING HIM TO WALKABOUT RECOVERY, A NON-MEDICAL FACILITY. ( 12,019,409 ).

MEANWHILE, PLAINTIFF SENT SEVERAL REQUESTS TO DEFENDANT C. RAMSEY, JAIL OVERSIGHT, PROGRAM COORDINATOR TRYING TO GET HER TO GET HIM INTO ANOTHER REHAB. ( 12,019,249 ; 12,067,201 ; 12,093,930 ; 12,296,737 ; 12,371,827 ).

DUE TO PLAINTIFF FILING COMPLAINTS, PLAINTIFF BELIEVES AND THEREFORE AVERS THAT DEFENDANT C. RAMSEY, JAIL OVERSIGHT, PROGRAM COORDINATOR USED RETALITORY CONDUCT AND DID NOT GET PLAINTIFF INTO ANOTHER REHAB WHICH SHE HAD THE POWER AND AUTHORITY TO DO SO.

( D-7 )

(ADDITIONAL SHEET)

AS A PROGRAM COORDINATOR, IT IS DEFENDANT C. RAMSEY, JAIL OVERSIGHTS DUTY AND RESPONSIBILITY TO ASURE THAT ALL INMATES ARE PLACED IN SUITABLE PROGRAMS THAT MEET THEIR MEDICAL, MENTAL AND REHABILITATIONAL NEEDS.

DEFENDANT C. RAMSEY, JAIL OVERSIGHT, PROGRAM COORDINATOR FAILED TO LOOK INTO PLAINTIFF'S BACKGROUND TO DETERMINE IF HAD ANY MEDICAL OR MENTAL HEALTH ISSUES AND/OR USED AND MEDICAL EQUIPMENT BEFORE GETTING PLAINTIFF INTO WALKABOUT RECOVERY.

DEFENDANT C. RAMSEY, JAIL OVERSIGHT, PROGRAM COORDINATOR ALSO FAILED TO CONSULT WITH THE WALKABOUT RECOVERY TO DETERMINE IF THEY ACCEPTED INMATES WITH MEDICAL CONDITIONS OR THAT TOOK MEDICATIONS.

AS A DIRECT AND PROXIMATE RESULT OF THE AFORESAID ACTIONS AND INACTIONS COMMITTED BY DEFENDANT C. RAMSEY, JAIL OVERSIGHT, PROGRAM COORDINATOR THE PLAINTIFF WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW, DEPRIVED OF PROCEDURAL DUE PROCESS OF LAW, DEPRIVED OF MEDICAL ATTENTION TO A SERIOUS MEDICAL NEED, HIS PRESCRIBED TREATMENT WAS INTERFERRED WITH AND HE SUFFERED TWO (2) SEIZURES WITHIN NINE (9) DAYS AND LEFT UNTREATED.

(D-8)

(ADDITIONAL SHEET)

PLAINTIFF HAD A PHONE INTERVIEW WITH DEFENDANT PASTOR WILL, WALKABOUT RECOVERY ON 3-23-22 AND SPOKE WITH DEFENDANT PASTOR WILL, WALKABOUT RECOVERY ON FOUR (4) OTHER SEPERATE OCCASIONS PRIOR TO GOING TO WALKABOUT RECOVERY AND ON NOT ONE OCCASION DID DEFENDANT PASTOR WILL, WALKABOUT RECOVERY ASK PLAINTIFF IF HE HAD ANY MEDICAL OR MENTAL HEALTH ISSUES THAT REQUIRED THE TAKING OF MEDICATIONS.

AS A DIRECT AND PROXIMATE RESULT OF THE AFORESAID ACTIONS AND INACTIONS COMMITTED BY DEFENDANT PASTOR WILL, WALKABOUT RECOVERY, PLAINTIFF WAS FORCED TO DISCONTINUE MEDICATIONS WHILE THERE WHICH RESULTED IN PLAINTIFF EXPERIENCING TWO (2) SEIZURES WITHIN NINE (9) DAYS AND HAVEN TO LEAVE THE PROGRAM. DEFENDANT PASTOR WILL, WALKABOUT RECOVERY INTERFERRED WITH TREATMENT ONCE PRESCRIBED, AND DEPRIVED PLAINTIFF OF TREATMENT TO A SERIOUS MEDICAL NEED, DEPRIVED HIM OF LIBERTY WITHOUT DUE PROCESS OF LAW, DEPRIVED HIM OF PROCEDURAL DUE PROCESS OF LAW ALL IN VIOLATION OF PLAINTIFF'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION.

(D-9)

(ADDITIONAL SHEET)

ON 4-15-2022 PLAINTIFF REPORTED DIRECTLY TO DEFENDANT COMFORT, PROBATION OFFICER AFTER BEING RELEASED FROM THE BREVARD COUNTY JAIL. PLAINTIFF TOLD DEFENDANT COMFORT, PROBATION OFFICER THAT HE WAS JUST INFORMED THAT WALKABOUT RECOVERY WAS A NON-MEDICAL FACILITY IN THAT HE HAD MEDICAL ISSUES THAT REQUIRED MEDICATIONS. DEFENDANT COMFORT, PROBATION OFFICER TOLD PLAINTIFF THAT HE WOULD LOOK INTO IT. NOTHING WAS EVER DONE. ON TWO (2) SEPERATE OCCASIONS WITHIN NINE (9) DAYS PLAINTIFF HAD SEIZURES DUE TO BEING UNMEDICATED.

AS A DIRECT AND PROXIMATE RESULT OF THE AFORESAID ACTIONS AND INACTIONS COMMITTED BY DEFENDANT COMFORT, PROBATION OFFICER CONTINUED AND THEREFORE IS RESPONSIBLE AND LIABLE FOR THE CONSTITUTIONAL VIOLATIONS COMMITTED BY EACH DEFENDANT, DEPRIVED PLAINTIFF OF LIBERTY WITHOUT DUE PROCESS OF LAW, INTERFERRED WITH TREATMENT ONCE PRESCRIBED AND WAS DELIBERATE AND INDIFFERENT TO A SERIOUS MEDICAL NEED.

(D-10)

(ADDITIONAL SHEET)

DEFENDANT WALSH, RESIDENTIAL SUBSTANCE ABUSE TREATMENT PROVIDER TELLS PLAINTIFF THAT WALKABOUT RECOVERY IS A "NON-MEDICAL" FACILITY AND THAT HE CANNOT TAKE ANY MEDICATIONS THERE. IF HE DESIRES TO CONTINUE TAKING MEDICATIONS THAT HE WILL BE REMOVED FROM WALKABOUT RECOVERY AND THAT WOULD BE AN AUTOMATIC VIOLATION OF PLAINTIFF'S COMMUNITY CONTROL AND PLAINTIFF WOULD BE RETURNED TO PRISON.

AS A DIRECT AND PROXIMATE RESULT OF THE AFORESAID ACTIONS AND INACTIONS COMMITTED BY DEFENDANT WALSH, RESIDENTIAL SUBSTANCE ABUSE TREATMENT PROVIDER PLAINTIFF WAS DEPRIVED OF LIBERTY WITHOUT DUE PROCESS OF LAW, DENIED MEDICAL ATTENTION TO A SERIOUS MEDICAL NEED BECAUSE PLAINTIFF EXPERIENCED TWO (2) SEIZURES WITHIN NINE (9) DAYS AT WALKABOUT. DEFENDANT INTERFERRED WITH TREATMENT ONCE PRESCRIBED; DEFENDANT WAS DELIBERATE INDIFFERENT TO A SERIOUS MEDICAL NEED AND WAS LIABLE AND RESPONSIBLE AND CONDONED IN CONSTITUTIONAL VIOLATIONS COMMITTED BY EACH DEFENDANT.

(D-11)

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

BREVARD COUNTY JAIL

2.    What did you claim in your grievance?

BASICALLY THAT I WAS SENT TO A "NON- MEDICAL" FACILITY

3.    What was the result, if any?

DENIED

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

SERGEANT D. HYDORN STATED "UNABLE TO APPEAL"
(# 12, 019, 409)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:

2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

ANDY WALSH, DIRECTOR WALKABOUT RECOVERY
PASTOR WILL, WALKABOUT RECOVERY
RICHARD COMFORT, PROBATION OFFICER

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s) _____
    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*
    _____

3.  Docket or index number
    _____

4.  Name of Judge assigned to your case
    _____

5.  Approximate date of filing lawsuit
    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
    _____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

3.    Docket or index number

4.    Name of Judge assigned to your case

5.    Approximate date of filing lawsuit

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

IX.    **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    8-20-2022

Signature of Plaintiff

Printed Name of Plaintiff    JAMES ARTHUR RUSSELL

Prison Identification #    4969645

Prison Address    BREVARD COUNTY JAIL, 860 CAMP ROAD

COCOA,                          FL.    32927

|                | City | State | Zip Code |

B.    **For Attorneys**

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|      | City | State | Zip Code |

Telephone Number

E-mail Address